Joel D. Zelkowitz, Esq.
Atty ID No. 083012014
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax      201-342-1810
***Attorneys for Plaintiff, Geri Bull***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERI BULL, | Civil Action No. _____ |
| Plaintiff, | ECF CASE |
| vs. | |
| ANTHEM BLUE CROSS AND BLUE SHIELD, and ASHLAND INC. | COMPLAINT |
| Defendants. | |

Plaintiff, GERI BULL (hereinafter "Plaintiff" or "Mrs. Bull"), by way of Complaint against the Defendants, ANTHEM BLUE CROSS AND BLUE SHIELD (hereinafter "Anthem") and ASHLAND INC. (hereinafter "Ashland") alleges as follows:

1. At all relevant times, Plaintiff has been a resident of the State of New Jersey, County of Mercer, with a principal residence in Hopewell, New Jersey.

2. Defendant, Anthem, is a health insurance carrier licensed to do business in the State of New Jersey with a principal place of business in Indianapolis, Indiana.

3. Defendant, Ashland, is a domestic corporation, organized and existing under the laws of the United States with a principal place of business in Covington, Kentucky. Ashland does business and owns property in New Jersey.

4. Jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. §1001 *et seq.*, 28 U.S.C. §1332 *et seq.* and 28 U.S.C. §1392 *et seq.*

**ESSENTIAL FACTS**

5. Plaintiff, Geri Bull (hereinafter referred to as "Mrs. Bull" or "Plaintiff"), is a 67 year-old woman who lives in Hopewell, New Jersey.

6. Randy Bull (hereinafter referred to as "Mr. Bull") is Plaintiff's husband. Mr. Bull worked for Ashland for 4 years and 10 months, last working as a Vice President of Dermatology and Medical Care in Bridgewater, New Jersey. During his employment, Mr. and Mrs. Bull were insured for healthcare benefits under the Ashland/Anthem Health plan, Program AN4582627. As such, Plaintiff was a beneficiary under the Plan and has standing to bring this action.

7. The Ashland/Anthem Health Plan is an employee welfare benefit plan provided by Ashland, and therefore the plan is governed by the Employee Retirement Income Security Act (ERISA).

8. Ashland was the plan sponsor and a plan fiduciary. Anthem was the plan administrator and a plan fiduciary.

9. On July 31, 2016, Mr. Bull's employment with Ashland ended, and he subsequently signed a separation agreement with Ashland providing special severance benefits, attached hereto as **Exhibit A**.

10. The separation agreement provided for continued healthcare coverage for Mr. and Mrs. Bull under the following terms:

> "On **July 31, 2016** (your "Release Date"), your employment with the Company will end. After your Release Date, you will receive severance benefits equal to 39 weeks of base pay, calculated using your rate of base pay and your salary band in effect on your Release Date.
>
> You are eligible to receive payment of your severance benefits and unused earned and accrued vacation as payroll continuation (your

2

"Payroll Continuation Period"). During your Payroll Continuation Period you will receive bi-weekly payments of your base pay, less applicable withholding of taxes, etc. Vacation payments are considered to be paid first before your severance payments begin. During your Payroll Continuation Period, *your participation in the Company's employee benefit plans (except as otherwise stated herein) will continue as if you were a regular, active employee…*" (Emphasis added)

\*\*\*

"**MEDICAL AND DENTAL**
If you are enrolled in the Medical or Dental plan on your Release Date, you will be eligible to continue your participation during your Payroll Continuation Period at the same contribution rates which apply to regular, active employees…

Although you may be eligible to obtain coverage through a retiree health exchange after your Termination Date, federal law requires that COBRA continuation coverage also be offered for the plan or plans in which you were covered. If the amount you have to pay for retiree coverage is greater than what you paid for the same coverage as an active employee, you can choose to elect the COBRA continuation coverage instead of the retiree coverage…If you choose the COBRA continuation coverage, the 12 months of coverage during your Payroll Continuation Period counts towards your maximum period of continued coverage under COBRA. That maximum period is 18 months…" (**Exhibit A**).

11. Mr. Bull collected accrued vacation time and he and Mrs. Bull received continued health benefits (the same coverage as when Mr. Bull was an active employee) from July 31, 2016 through approximately September 18, 2016.

12. On September 18, 2016, Mr. and Mrs. Bull began to receive continued healthcare coverage (the same coverage as when Mr. Bull was an active employee) under the terms of the separation agreement for a period of 39 weeks, which lasted until June 18, 2017.

13. Following June 18, 2017, Mr. Bull elected to continue his healthcare coverage with COBRA continuation coverage as explained in the separation agreement. He did so with the understanding that he and Mrs. Bull would receive the same healthcare coverage as he received as an active employee, as outlined in the separation agreement.

14. Mrs. Bull was diagnosed with breast cancer on or around June 19, 2017 and her medical providers recommended that she undergo surgery and aggressive chemotherapy/cancer treatments beginning in July 2017.

15. In July 2017, Mrs. Bull's medical providers, including Dr. Dultz (breast surgeon), Dr. Bednar (oncologist) and Dr. Greenberg (radiologist), all informed Mr. Bull that they had each communicated with Anthem who confirmed that the costs of Mrs. Bull's treatments would be completely covered by the Anthem/Ashland Health Plan. This was consistent with the terms of the Plan, but also required by the terms of the separation agreement.

16. Thereafter, beginning in July 2017, Mrs. Bull underwent surgery, chemotherapy and other cancer treatments at the direction of her providers and Anthem/Ashland did indeed pay the providers for the costs associated with these treatments from July through November 2017.

17. In September 2018, after having previously paid for these treatments, Anthem/Ashland reversed its previous position and proceeded to "claw back" the coverage payments it had previously paid to Mrs. Bull's medical providers.

18. Anthem/Ashland failed to provide any prior notice to Mr. or Mrs. Bull that Anthem/Ashland had reversed its position and would be clawing back these payments to Mrs. Bull's medical providers.

19. Anthem sent two Explanation of Benefits letters dated September 7, 2018 and September 14, 2018 to Mr. and Mrs. Bull which explained that since Mrs. Bull had turned 65 years old in July 2017, she was required to enroll in Medicare Part B at that time. Anthem advised that since she was not enrolled in Medicare Part B, Anthem/Ashland would only pay the amount the Plan would have paid had she been enrolled in Medicare Part B. This was a violation of the Plan and a violation of the separation agreement.

20. Mr. and Mrs. Bull were never informed by the Defendants of Mrs. Bull's purported obligation to enroll in Medicare Part B upon turning age 65 in order to maintain the same level of coverage she had prior to turning age 65. In fact, Ashland had previously agreed in Mr. Bull's separation agreement that if he elected COBRA coverage following the 39 week benefit period, Mrs. Bull would continue to receive the same level of coverage as she received prior to turning 65 years old.

21. As a result of Anthem/Ashland's decision to reverse its previously represented position and to claw back payments to the medical providers, Mr. and Mrs. Bull have now been charged the costs of her surgery, chemotherapy and other cancer treatments from July 1, 2017 through November 30, 2017.

22. Both Anthem and Ashland, as fiduciaries, were aware of Mrs. Bull's age and medical condition in July 2017 when assurance by Anthem/Ashland representatives was made that coverage for surgery and cancer treatments would be provided without any mention of a requirement that she enroll in Medicare Part B. As ERISA fiduciaries, Anthem/Ashland had a duty to convey complete and accurate information material to the beneficiary's circumstances, even if that information included matters about which the beneficiary has not specifically inquired. *Bixler v. C. Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993).

23. As ERISA fiduciaries, both Anthem and Ashland had a duty to inform Mr. and Mrs. Bull that Mr. Bull's healthcare plan required that Mrs. Bull enroll in Medicare Part B in order to receive the full healthcare insurance coverage which she had received prior to turning age 65. In addition, Ashland had a separate, independent legal obligation under the separation agreement to provide the same health coverage to Mrs. Bull as she had previously. As such, Ashland breached the separation agreement by failing to honor that commitment.

24. Mrs. Bull submitted an administrative appeal letter to Anthem dated September 30, 2019. Mrs. Bull argued, *inter alia*, that Anthem/Ashland had breached its fiduciary duty in failing to inform her or Mr. Bull about the requirement that Mrs. Bull enroll in Medicare Part B upon turning age 65 in order for her to continue receiving the same healthcare coverage she received prior to turning age 65.

25. On October 30, 2019, Anthem/Ashland corresponded with Plaintiff to request that an authorization be completed and submitted in order for Anthem/Ashland to evaluate the administrative appeal.

26. On November 6, 2019, Plaintiff returned the completed and signed authorization to Anthem/Ashland as requested.

27. Since the administrative appeal is governed by ERISA, Anthem/Ashland was required to respond to the appeal within 60 days of the date of submission, or by November 29, 2019, absent a timely requested extension. See, 29 CFR § 2560-503.1(i)(1)(i).

28. Even if Anthem/Ashland was excused from evaluating the appeal prior to receiving a valid authorization, then Anthem/Ashland was still required to respond to the appeal within 60 days of receipt of the executed authorization, or by January 5, 2020, absent a timely requested extension. *Id.*

29. As of the date of this filing, Anthem/Ashland has failed to respond to Plaintiff's administrative appeal, or provide a timely request for an extension, in clear violation of ERISA regulations, namely 29 CFR § 2560-503.1(i)(1)(i).

30. The Defendant's decision in this case to deny coverage for Mrs. Bull's surgery and cancer treatments from July 1, 2017 through November 30, 2017 was wrongful, contrary to law, and deprived Plaintiff of the benefits to which she is entitled under the terms of the Anthem/Ashland health plan, as well as the separation agreement.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-30, as if fully set forth again herein.

32. By virtue of the foregoing, Defendant Ashland has breached its contract (the separation agreement, attached hereto as **Exhibit A**) with Mr. Bull and *ipso facto*, the Plaintiff causing Plaintiff harm and damages.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-32, as if fully set forth again herein.

34. Defendants have failed to decide Plaintiff's claim within the time requirements of Department of Labor (DOL) Regulations and as such, this appeal in now "deemed denied" as a matter of law. 29 CFR §2560.503-1(l)(2). Accordingly, the standard of review applicable to this case is *de novo*.

35. Defendants' denial of Plaintiff's medical benefits was contrary to law. Plaintiff was deprived of a full and fair review when she appealed the denial of these benefits in September 2019.

36. By virtue of the foregoing, the Defendants have breached the terms of the Plan and have violated the requirements of the Employee Retirement Income Security Act, 29 USC § 1132 (a)(1)(B), § 502(a)(1)(B) and applicable regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## (In The Alternative)

37. Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-36, as if fully set forth again herein.

38. By virtue of the foregoing, the Defendants' denial of coverage for Mrs. Bull's cancer treatments from July 1, 2017 through November 30, 2017 is a violation of applicable law,

and constitutes a breach of the Defendants' fiduciary duty owed to Plaintiff under §502(a)(3), 29 USC § 1132(a)(3), placing Defendants' own interests over that of Plaintiff. Such breach caused Plaintiff's damage to her credit and her ability to maintain her financial obligations.

39. Among the fiduciary duties breached by Defendants are (i) failing to inform Mr. or Mrs. Bull of the obligation to enroll Mrs. Bull in Medicare Part B prior to her turning age 65 in July 2017 in order for her to continue receiving the same healthcare coverage she received prior to turning age 65; (ii) failing to give proper consideration to the equities of whether Plaintiff's health benefits should be approved; (iii) accepting premiums for coverage which Defendants refused to provide; (iv) failing to respond to Plaintiff's appeal in a timely manner as prescribed by applicable ERISA regulations; (v) failing to conduct a proper review of Plaintiff's administrative appeal; (vi) misrepresenting the nature and extent of Mrs. Bull's coverage; and (vii) placing its own financial interests over the interests of the Plaintiff by depriving benefits to which she is entitled under the Plan.

40. By virtue of the Defendants' breach of fiduciary duty, Plaintiff has incurred losses and harm, separate, apart, and in addition to her right to benefits under the terms of the Plan. Accordingly, Plaintiff is entitled to equitable, "make-whole" relief which compensates Plaintiff for the losses she sustained, plus interest and attorney's fees.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

(a) On the First Cause of Action:

    (i) Ordering, adjudging and decreeing that Plaintiff is entitled the same health coverage she had previously, and therefore should reimburse Plaintiff the total costs of coverage for surgery and medical treatments she received

between July 1, 2017 and November 30, 2017, as required by the terms of the separation agreement;

    (ii)    Granting to Plaintiff her costs of suit, including reasonable attorney's fees.

(b)    On the Second Cause of Action:

    (i)    Ordering, adjudging and decreeing that Plaintiff is entitled to be reimbursed total costs of coverage for surgery and medical treatments she received between July 1, 2017 and November 30, 2017, as per the Plan;

    (ii)    Granting to Plaintiff her costs of suit, including reasonable attorney's fees.

(c)    On the Third Cause of Action:

    (iii)    Ordering, adjudging and decreeing that Defendants have breached their fiduciary duty to Plaintiff, causing her substantial harm, and awarding appropriate equitable, "make-whole" relief to restore Plaintiff to the position she would have been in, but for the breach of fiduciary duty.

    (i)    Granting to Plaintiff her costs of suit, including reasonable attorney's fees.

USCHER QUIAT, USCHER & RUSSO  
A Professional Corporation  
433 Hackensack Avenue, 2nd Floor  
Hackensack, NJ 07601  
Phone 201-342-7100  
Fax    201-342-1810

Dated: January 17, 2020    By:    /s/Joel D. Zelkowitz  
    JOEL D. ZELKOWITZ  
    Atty ID No. 083012014  
    ***Attorney for Plaintiff, Geri Bull***

## **CERTIFICATION**

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

USCHER QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone 201-342-7100
Fax 201-342-1810

Dated: January 17, 2020      By:   /s/Joel D. Zelkowitz
                                   JOEL D. ZELKOWITZ
                                   Atty ID No. 083012014
                                   ***Attorney for Plaintiff, Geri Bull***

G:\Insurance\Bull, Randy\Litigation\Complaint - Anthem.docx

10